Mr. DeMaine. Thank you, Your Honor. Good morning. May it please the Court. Jeffrey DeMaine, appearing for the Appellant Union, SEIU Local 247. I'd like to reserve two minutes of my time for rebuttal. Thank you. I'd like to start with the problem that I think this case exemplifies. And the problem, to say what the problem is, we have to go back a bit. Fifty years ago in the Steelworkers Trilogy, the Supreme Court of the United States held that federal labor policy requires arbitration awards, labor arbitration awards, to be enforced regardless of whether the court agrees with the arbitrator's interpretation of the collective bargaining agreement, as long as the arbitrator is even arguably interpreting the collective bargaining agreement and not dispensing his or her own brand of industrial justice, is how the court put it. Now we fast forward a little bit. Thirty years ago, this Court decided in the Petroleum Workers case that because of that deferential standard of review, an employer's unjustified refusal to comply with an arbitration award equates with bad faith, and if it gives rise to unnecessary litigation to enforce that award, it should result in an attorney's fee award against the employer. But that case, and maybe or maybe not this makes a difference, that case I think was simply a refusal to abide by the award rather than bringing a challenge in court to the award. Am I wrong? Yes. And you're on. Yes, I'm wrong. No, yes, you're right. You're on. But there have been numerous cases since then where it – let me put it this way. It's irrelevant who gets to the courthouse first. Whether the union has to go in because the employer just ignores the award, or whether the employer goes in to vacate the award, as here, and the union counterclaims to enforce the award. Either way, the union has to engage in unnecessary litigation and spend its money to try and get the award enforced. And if I could just say – just finish one last thing, Your Honor, I'm sorry. And in the Seventh Circuit case we cited JASPER, as well as a whole bunch of district court cases we cited, the employer did move – did go in first to vacate the award and fees were granted. I'm sorry. I guess I boiled this down – tell me if I'm oversimplifying the case – to a determination as to whether PG&E's motion to vacate the arbitrator's award was frivolous or not. That, to me, seems like the key question from your standpoint as to whether attorneys' fees should have been awarded. And don't we review for abusive discretion the district court's determination that it wasn't frivolous? No, Your Honor, because the district court applied the wrong standard, and therefore it's not an abusive discretion. The court quoted the exact standard that you were – sorry, am I – why are people not able to hear me? Sorry. Are the court – the district court quoted the right standard? She quoted the exact same standard you have in your brief, so I don't know. And if she had stopped there, you'd be correct, Your Honor. But respectfully, I disagree, because she went on. But she cited a bankruptcy case for a general proposition. Is that your? No. She – well, I don't recall if it was the bankruptcy case offhand, but she cited another case for the proposition that in order to award fees, the court has to make a specific finding of bad faith. And that, in fact, is not the law of petroleum workers. The court doesn't have to make a specific finding of bad faith because the unjustified refusal equates with bad faith. It doesn't have to be – I think really what she was thinking of was a sort of subjective bad faith, and that is absolutely not the law. No. I think the court had it right, which is to say, I need to figure out whether this attempt to vacate the award was frivolous or not. And the court analyzed the frivolousness question under the exact standard that we've articulated, whether, you know, the arbitrator was basically, you know, coming up with some kind of a rough justice or whatever the right phrase is. The court clearly applied that standard. And, I mean, listen, I would be inclined to agree with you if I were sitting here by myself that the attempt to vacate the award was frivolous. Right. But that's why I say it. I thought we had to review that determination under an abuse of discretion standard, and the court is the one that ultimately ruled on the motion. Why wouldn't we defer to the court's judgment on that? Well, two reasons. One, again, I don't want to belabor this, but I don't think the court – I don't think the district court applied the correct standard. It added a unjustified refusal plus standard. But even if the court had merely cited the petroleum workers standard, I think it would be an abuse of discretion to conclude that this was not a frivolous matter, this was not a frivolous suit. The court – the district court held that, in fact, I have the exact words. The district court held that this was – excuse me, Your Honor. Well, I don't have it right in front of me. The district court held this was not a viable ground, it was not legally cognizable ground, and yet the court held that it wasn't frivolous. It doesn't make any sense. In fact, as the – there was a very good decision from the Northern District of California, SSA Terminals. What SSA Terminals decided was, quote, ''Because of the deference courts owed arbitral decisions, a challenge to an arbitral decision based only on the merits of the case is frivolous because it is destined to fail.'' And so my answer to your question is even if you were reviewing for abuse of discretion, there's an abuse of discretion there. But if you have a – just tell me this. I couldn't find a single case in the sanctions context where we were reviewing the frivolousness determination for abuse of discretion, and the court said, no, I find this isn't frivolous, and then we looked at it and said, no, actually, that was an abuse of discretion, this was so clearly frivolous, we're reversing you. Are there cases that say that? There is a case, Your Honor, and it's the case that this Court relied on extremely heavily and quoted from and expressly approved in the Petroleum Workers case. And that's the Fifth Circuit case in the steel – Texas Steel Company. And what the – there, the Fifth Circuit reversed the district court's refusal to grant fees and found that, in fact, it was frivolous. And if I can just quote from the steel case, Texas Steel case, because it was so heavily relied on by this Court in Petroleum Workers, what the court in Texas Steel said is, the company's objection properly characterized addressed not the arbitrator's jurisdiction, but rather the panel's – it's an arbitration panel there – the panel's action on a matter involving the intrinsic merits of the dispute, i.e., the panel's interpretation of the grievance and its broad discretion in fashioning an appropriate remedy. As noted supra, these grounds for attacking an arbitration award, no matter how characterized, are without merit, and a refusal to abide by a decision based on such grounds is without justification. Consequently, we hold that the district court abused its discretion in refusing to award attorneys' fees against the company. And that's the case that this Court built the Petroleum Workers case from. And that decision was in the context of a petition to vacate the award by the panel, which was deemed not frivolous by the district court, and the Fifth Circuit said, no, it clearly was? I don't recall whether it was the employer's petition to vacate or the union's petition to enforce. I don't remember who got to court first. But clearly, in the lower court, the employer raised the inherently frivolous argument, yes. Kennedy, what do we do with the standard? And I'm basically following up on Judge Watford's questions. What do we do with simultaneously the standard is it's frivolous or not, and we review for abuse of discretion? Because that's puzzling to me, because a determination as to whether an argument is frivolous really strikes me as a question of law. But on the other hand, we're reviewing for abuse of discretion as to whether or not the district judge got the question of law right. What am I supposed to do here? I guess, first of all, I'd just like to reiterate one more time. I don't agree it's a question of abuse of discretion. But if that were the legal standard that was applied, I think that it depends on why it's frivolous. There are certain things that are frivolous that are sort of factual matters, and that would kind of the district court would have a broader discretion. But where the employer raises the ground that, and this is its sole ground as here, that the arbitration award should be overturned because the arbitrator misinterpreted the collective bargaining agreement, that is, by definition, as a matter of law, that is a frivolous argument. And if the district court were to conclude, as it did here, it's not a viable ground, it's not cognizable in law, but somehow it's not frivolous, that's an abuse of discretion. So I think the only way to apply the abuse of discretion standard here is to say, since the employer argued the arbitrator misinterpreted the collective bargaining agreement, it is frivolous, and any determination by the district court to the contrary is an abuse of discretion. Other cases may raise factual questions. Roberts. Thank you, Your Honor. Good morning. May it please the Court. Why wasn't it frivolous? It seemed like a pretty lousy argument you made. Well, Your Honor, the You know, if you'd asked me, should I, am I going to win in front of the district judge on this, I would say, are you out of your mind? Your Honor, the argument that PG&E made, as the district court recognized, was the argument PG&E made. I mean, it strikes me that the district court, on the question of the enforceability arbitration award, the district judge was right and so right as to it's impossible to think you would have got a different answer. Your Honor, the PG&E relied on the United Marcus decision of this Court in 1985, where an arbitrator, respected arbitrator, Sam Kagle, turned a contractual phrase that the employer could no longer classify employees as general clerks and made an award wherein the employer could continue to classify employees as general clerks. The union in that case moved to vacate under Section 301 on the same grounds PG&E moved to vacate here and succeeded. But in that case, in United Marcus, Justice Kennedy, then a circuit judge here, dissented and called the court's interpretation of the contract a wooden interpretation. Justice Kennedy would have, relying on the arbitrator's broad discretion to interpret the contract, would have affirmed Arbitrator Kagle's award. And he, Justice Kennedy, would have ordered that what the arbitrator was doing was actually interpreting the contract, not ignoring it. And so that the question of whether it's a misinterpretation, excuse me, or ignoring is a result that the court reaches. And it was as Judge Armstrong recognized, if PG&E's argument had been accepted, if the contractual language, nothing herein shall be construed to require the company to pay for meal periods, if PG&E was right, that that language which the company believed was clear and unambiguous was, we would have won. Well, let me put it in these terms, because I certainly agree with you that you raised a ground that if it had been viable, you could have won on. It wasn't frivolous. You invoked the right legal standard. But when you map it on to the facts before us, I think that's what Judge Fletcher's question gets to. I mean, I look at 15.2, and I look at the arbitrator's award, and I don't see how for one second you could make the argument that the arbitrator was doing anything other than construing how broadly should that second paragraph, the exception carved out in the second paragraph, how broadly should we construe that? And that is squarely within the realm of our cases that say you don't get to vacate an arbitrator's award on that basis. So you can't just talk in abstract generalities about, well, we raised a ground that if we had prevailed on, it would have been successful. Explain to me how what the arbitrator was doing here in any way fits into that model. Absolutely, Your Honor. And this is the argument that PG&E made to the district court, that the district court was reviewing. The first paragraph of Section 15.2 says nothing herein shall be construed to require the company to pay for meal periods during regular work hours. The second paragraph says if the company assigns, the company may assign officers to a certain shift. In which the company makes a decision to assign officers to a paid shift. Again, it's not a requirement. So the question became how has the company in fact, within the meaning of Paragraph 2, has the company in fact assigned these employees? Right? It's just you're trying to construe what does this language in the second paragraph mean that's by definition an interpretation question. This wasn't an arbitrator, you know, just coming up with their own, hey, I just want to ignore what this says because I think this is the just result. I mean, I think I might agree with you if the, if all you had was the first paragraph, but you have a second paragraph. And our argument was it was based on that exact language. And in, to the district court, we cited Supreme Court authority on linguistics. Shall in the first sentence is mandatory. That was our argument. May in the second sentence, second paragraph is permissive. Meaning that clear language of Section 15.2 says nothing requires the company to do this. The company may do this by choice. And the arbitrator's award, our argument was, required the company to go back and pay not only for the instances where the company did assign, in which, in those instances it was stipulated were already paid when the company actually made that decision to assign an officer to an on-duty shift. It was when the company did not assign that the arbitrator ordered those meal periods are paid too. And, and, and the district court eventually determined that the arbitrator's. Let me put it in these terms. I, I can't remember which case of ours put the standard in this term. But it said, we're just trying to determine whether the arbitrator was interpreting the, the collective bargaining agreement. Not whether the arbitrator interpreted it correctly. And so what's your argument for saying that the arbitrator was doing anything other than just trying to interpret paragraph 2? The argument PG&E, PG&E. Rightly or wrongly. I mean, I, I hear what you're saying. Maybe you think that the paragraph 2 shouldn't have been construed in that way. But how can you say that that wasn't what the arbitrator was at least trying to do? And, and, and the argument PG&E made, which is the argument Judge Armstrong rejected on the merits, was that the arbitrator ignored the mandatory nothing in the first paragraph and made the permissive may in the second paragraph mandatory. That sounds like construing the language of the CBA. And, and, and, Your Honor, that's what, in United Markets, that's what Justice Kennedy, in his dissent, would have, how, that's how he would have viewed the, the award of St. Pickles. And, and, and, and if, if Justice Kennedy had been in the majority in that case, that would not have trans, retroactively transferred the, the company's argument into a bad faith argument from the, from the get-go. Now, review the betting for me on what our standard review is of what the district judge did. Is it abuse of discretion? And, Your Honor, yes, it is. And where's that come from? How do I know that we review for abuse of discretion rather than do we think ourselves that it's frivolous? Under the inherent powers. When a district court does or does not award attorneys' fees under the inherent powers, that's reviewed for abuse of discretion. That's the Supreme Court's decision in Chambers, this Court's decision in Virginia Mason, and this Court's decision in Wellman. Does that mean that if the district judge had agreed with Magistrate Judge Bieler and awarded fees, he would lose? That is to say, we would be reviewing for abuse of discretion if, if, if the district judge had agreed with Magistrate Judge Bieler, would that have been an abuse of discretion? If that had been Judge Armstrong's award, we would be fighting against both the abuse of discretion standard and the clearly erroneous standard, which, which applies to Judge Armstrong's decision that we, that PG&E did or did not act in bad faith.  I'm not sure you're answering my question. Assume that this had simply been assigned to Magistrate Judge Bieler and that that's the answer, and we were reviewing Magistrate Judge Bieler for abuse of discretion. Do you lose? We, the company, I can represent the company probably, probably would not have appealed because we would, we would be fighting against the abuse of discretion standard on appeal. Okay. If there are no examples in this circuit of an instance where this Court has reversed a district court's restraint in not imposing inherent power sanction. In Chambers, the Supreme Court, and this is after the 1983 case in the Petroleum Workers case that, that SEIU relies heavily on, Chambers and the Supreme Court counseled that inherent power sanctions must be exercised with restraint. That's consistent with the Supreme Court's decision in Christian Berg Garment Company versus EEOC, which said that district courts must avoid the temptation to engage in post hoc reasoning by concluding that an argument, because it was unsuccessful, must have been made in bad faith initially. It's consistent with the teaching of Chambers. It's consistent with this Court's decision in Primus Automotive, which denied sanctions under the inherent powers, because the parties must be free to make colorable arguments based in law, even if they are unsuccessful. It's consistent with this Court's decision in Sheet Metal Workers versus Kinney and Federated Department Stores, and in Virginia Mason. Virginia Mason is a 2007 case upon which Judge Armstrong relied in her decision on the merits. Virginia Mason denied an employer's challenge on public policy grounds. Said the employer, you don't have a valid public policy challenge. And denied an employer's challenge to an arbitration award on interpretation grounds. Said to the employer, this is not, the arbitrator's not ignoring, the arbitrator's interpreting, and denied it on those grounds. But the reason that Virginia Mason, this Court in Virginia Mason, didn't award sanctions is not because the company was close to winning. The reason was that there was no evidence that the company had acted in bad faith vexatiously, wantonly, or for oppressive reasons. The district court found no such evidence here, and the district court's order should be affirmed. Thank you. Robertson, We got down to about 30 seconds. Why don't we make it a minute and 30 seconds? Thank you, Your Honor. Just two brief points. First of all, Virginia Mason is not determinative here because there the employer did raise a public policy defense. It lost on the public policy defense, but a public policy argument is not inherently frivolous the way a misinterpretation argument is. The last thing I'd like to say is sort of, I think, where I wanted to start today. The problem exemplified by this case is that because the district courts have not uniformly been applying and following the petroleum workers' case, you keep getting cases before the district courts and then coming up to this Court where largely employers, sometimes unions, but largely employers, have keep raising this argument that for 50 years the courts have said it's a frivolous argument. And the only way to stop it is to send a clear message that this is the law, that these arguments are inherently frivolous, and that they will be met with a fee award. That is how we can put an end to this 50 years of frivolous arguments. So that's a lot to put on a single case, 50 years of abuse by you guys. Okay. Thank you. Thank you, Your Honor. BG&E v. SEIU Local 24-7 is now submitted for decision.
judges: Duffy, Fletcher, Watford